DISSENTING OPINION.
Beck, C. J.
The issues in this case were purely legal. The action was replevin, the complaint merely alleging ownership of the attached goods in the plaintiff Ellison. The answer denies such ownership—alleged ownership in B. F. Pine, the surviving partner of the late firm of B. F. Pine & Co., and an indebtedness of the firm to the attaching creditor. The fact that the plaintiff acquired his title through an assignment for the benefit of creditors, made by the surviving partner, was not mentioned in*the pleadings.
Prior to the recent statute, (which, however, does not affect this case,) it was only in equity the rule obtained that the surviving partner of an insolvent firm could not assign the firm assets with preferences to certain of the creditors. Aside from this equitable rule the surviving partner could assign and convey the assets the same as his own property. Holding the legal title and possession he could invest a purchaser or assignee with good title. Of course fraud may vitiate any contract, but the element of fraud in fact does not enter into this case. Neither does any matter of equitable defense, for the reason that no such defense was set up in the pleadings.
The assignment does not show on its face that the late firm of B. F. Pine & Co. was insolvent. This appeared by extrinsic evidence, elicited on the cross-examination of the surviving partner, who was a witness for the plaintiff.
While an equitable defense may be interposed in a legal action, I am of opinion that to entitle a defendant to the benefit thereof, proper notice must be given that such a defense will be relied upon.
Where this is not done I do not think that a party who has failed to sustain the legal issues involved in a cause, is entitled to equitable relief based on the testimony only.
For the above reasons I dissent from the opinion of the Court.